**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELIZABETH A. MILLER,                    :
                                        :
               Plaintiff,              :        Civil Action No.:      04-0685 (RMU)
                                        :
               v.                      :        Document Nos.:         25, 28
                                        :
DEPARTMENT OF THE NAVY,                 :
                                        :
               Defendant.              :

<u>**MEMORANDUM OPINION**</u>

**GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING THE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This matter is before the court on the defendant's motion for summary judgment and the plaintiff's cross-motion for summary judgment. The plaintiff, a retired Lieutenant Commander in the Navy's Judge Advocate General's Corps, requested that the Secretary of the Navy ("Secretary") convene a Special Selection Board ("SSB") to review her unsuccessful bid for promotion to the rank of Commander. The plaintiff asserts that the defendant engaged in unlawful discrimination by considering female applicants against each other rather than in relation to the entire applicant pool, effectively imposing a cap on the number of women who could be promoted. After the Secretary denied the plaintiff's request for an SSB, she brought suit in this court. After this court granted summary judgment in the defendant's favor, the Circuit reversed, and this court remanded the matter. The defendant then conducted a second review of the plaintiff's request for an SSB and the Secretary again denied the request. The plaintiff subsequently brought an amended complaint in this court.

The defendant has moved for summary judgment, urging the court to uphold the Secretary's decision.  The plaintiff has filed a cross-motion for summary judgment, arguing that the court should set aside the Secretary's decision.  Because the Secretary's decision to deny the plaintiff's request for an SSB satisfies the "unusually deferential" standard of review applicable in cases of this type, the court grants the defendant's motion for summary judgment and denies the plaintiff's cross-motion for summary judgment.

## II.  BACKGROUND

### A.  Factual Background

The court recounted the factual background of this case in more detail in *Miller v. Department of Navy*, 383 F. Supp. 2d 5, 7-9 (D.D.C. 2005).  To summarize briefly, the defendant's promotion selection board considered the plaintiff for a promotion to the rank of Commander, but ultimately chose not to select her.  Pl.'s Cross-Mot. for Summ. J. & Opp'n to Def.'s Mot. ("Pl.'s Cross-Mot."), Ex. 1 ("Pl.'s Stmt. of Material Facts") ¶ 1.  The plaintiff requested that the Secretary convene an SSB to reconsider the decision not to promote her, alleging that the board's decision was "materially unfair."  *Id.* ¶¶ 14-15.  In support of this request, the plaintiff contended that the promotion selection board had (1) improperly "considered men and women differently and as if they were not competing against each other, but

rather just competing within their own gender,"[1] Admin. R. at 7,[2] and (2) disregarded the

defendant's "guidance on how to consider consecutive tours in the same geographic area," *id.* at

8.  The Deputy Chief of Naval Operations ("CNO") directed the Inspector General of the Navy

Bureau of Personnel ("IG") to investigate the plaintiff's allegations, and the IG determined that

the plaintiff's assertions were unsubstantiated.  *Id.* at 2.  As a result, the IG concluded that the

plaintiff "was not selected due to her failure to perform at a consistently outstanding level and her

failure to perform in arduous duty assignments" rather than as a result of improper considerations

by the promotion selection board.  *Id.* at 10.  Based on the IG's report, the CNO recommended

that the Secretary deny the plaintiff's request for an SSB, stating that he "could not find proof of

any material error . . . committed by the members of the" promotion selection board.  *Id.* at 11.

Consistent with the IG's report and the CNO's recommendation, the Secretary denied the

plaintiff's request to convene an SSB.  *Id.*

## B.  Procedural Background

The plaintiff brought suit in this court, alleging that the decision not to convene an SSB

was arbitrary and capricious, not based on substantial evidence based on the whole record, a

result of material administrative error, and otherwise contrary to law, Compl. ¶¶ 25-26, and

challenging the defendant's partial denial of her Freedom of Information Act ("FOIA") request

---

[1]     More specifically, the plaintiff contends that Captain McCarthy, a member of the promotion
selection board, told her that she was not selected for promotion because "there were a lot of
very competitive women in the zone," and that "she would have a better chance of selection the
following year because the women in that prospective zone were weaker and she would therefore
be more competitive."  Pl.'s Cross-Mot. for Summ. J. & Opp'n to Def.'s Mot. ("Pl.'s Cross-
Mot."), Ex. 1 ("Pl.'s Stmt. of Material Facts") ¶¶ 2-3.

[2]     Citations to the administrative record correlate to the page numbers of the record as a whole
rather than to the page numbers of the individual documents therein.

for the IG's report, *id.* ¶¶ 27-28.  The court granted the defendant's motion for summary judgment as to the plaintiff's claim that the decision not to convene an SSB was arbitrary and capricious.  Mem. Op. (Aug. 8, 2005) at 6-10.  The court also granted the defendant's motion for summary judgment as to the plaintiff's FOIA and Privacy Act claims.  *Id.* at 10-19.

After the plaintiff appealed, the Circuit reversed this court's grant of summary judgment as to the plaintiff's claim that the denial of her SSB request was arbitrary and capricious, determining that the IG's report and the CNO's recommendation relied on the wrong ground for relief.  *Miller v. Dep't of Navy*, 476 F.3d 936, 939 (D.C. Cir. 2007).  More specifically, the Secretary was authorized to convene an SSB in cases in which "material unfairness" tainted the promotion selection board's decision.  *Id.*  The regulations clarify that "material unfairness" encompasses two situations in which an officer is entitled to an SSB.  First, an SSB is appropriate if the promotion selection board deprived the officer of a constitutional or statutory right (the "'contrary to law' provision").  Sec'y of the Navy Instruction ("SECNAVINST") § 1401.1B(8)(c)(2).  Second, an officer is entitled to an SSB if the promotion selection board "committed a material error of fact or material administrative error" (the "'material error' provision").  *Id.* § 1401.1B(8)(c)(3).

The Circuit determined that despite the fact that "the gravamen of [the plaintiff's] request for a SSB was her allegation that one of the board members acted 'contrary to law' – that is, in violation of her constitutional right to equal protection," the IG's report and the CNO's memorandum relied on the "different and wholly inapplicable" "material error" provision in recommending that the Secretary deny her request for an SSB.  *Miller*, 476 F.3d at 939.  "This error is significant," the Circuit explained, "because the regulation's 'material error' standard

4

contains a 'more likely than not' standard of proof, which the CNO memorandum and IG report explicitly applied in reaching their conclusions," whereas the "contrary to law" provision contains no explicit standard of proof. *Id.* The Circuit noted, however, that it might be permissible to apply a "more likely than not" standard to an SSB request brought under the "contrary to law" provision: "[w]hile it may be proper for the Secretary to apply a preponderance standard in evaluating claims that a promotion selection board acted 'contrary to law,' it should be as the result of a conscious (and articulated) decision by the Secretary, not as the result of relying on the wrong section of the regulation." *Id.*

In addition, the Circuit suggested that the Secretary "reconsider the appropriate content of the administrative record, in light of the non-disclosure provision of the newly enacted 10 U.S.C. § 613a." *Id.* at 940 n.2. Section 613a, which establishes that promotion selection board discussions "(1) are immune from legal process; (2) may not be admitted as evidence; and (3) may not be used for any purpose in any action, suit, or judicial or administrative proceeding without the consent of the Secretary of the military department concerned," 10 U.S.C. § 613a, bars disclosure of one component of the initial administrative record: the records of the session of the promotion selection board, known as "tank records."[3] Def.'s Mot. at 7.

The Circuit remanded the case to this court, *Miller*, 476 F.3d at 939-40, which in turn remanded it to the Secretary for reconsideration, Minute Order (Apr. 12, 2007). Following remand, a new administrative record was compiled that excluded the tank records and redacted

---

[3]     As the defendant explains, "'[t]ank' refers to a session of the promotion board and the 'tank' records are the records of the officers that remain to be considered by the board after each session; the results of deliberations of the board; and selection statistics." Def.'s Mot. for Summ. J. at 7 n.5.

all references thereto in accordance with § 613a.  Admin. R. at 2.  Based on the new

administrative record, the Secretary then reconsidered the plaintiff's request for an SSB under

both the "material error" provision and the "contrary to law" provision.  *Id.* at 3-4.  Because the

"contrary to law" provision contained no explicit standard of proof, and to create consistency

among the regulation's different subsections, the Secretary applied the same standard –

preponderance of the evidence – that applied to the "material error" provision.  *Id.* at 3.  The

Secretary again denied the plaintiff's request for an SSB, *id.* at 4, and the plaintiff again brought

suit in this court, *see generally* Am. Compl.

The defendant has moved for summary judgment, contending that the court should

uphold the Secretary's decision.  *See generally* Def.'s Mot. for Summ. J. ("Def.'s Mot.").  The

plaintiff has filed a cross-motion for summary judgment, urging the court to set aside the

decision as arbitrary or capricious, not based on substantial evidence, a result of material error or

otherwise contrary to law.  *See generally* Pl.'s Cross-Mot.  The court now turns to the parties'

arguments.

### III.  ANALYSIS

#### A.  Legal Standard for Judicial Review of Military Promotion Decisions

In reviewing a determination of the Secretary of a military department regarding the

promotion of an officer, the court "may set aside the Secretary's determination only if the court

finds the determination is – (i) arbitrary and capricious; (ii) not based on substantial evidence;

(iii) a result of material error of fact or material administrative error; or (iv) otherwise contrary to

law."  10 U.S.C. § 628(g)(1)(A).  "Adjudication of these claims requires the district court to

determine only whether the Secretary's decision making process was deficient, not whether his decision was correct." *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989); *see also Guy v. United States*, 608 F.2d 867, 874 (Ct. Cl. 1979) (holding that the court should not upset an agency's non-promotion decision absent "clear, legal entitlement to it," because "[p]romotion under the selection board system results from the exercise of discretionary functions reserved for the Executive branch").

The court must employ an "'unusually deferential application of the arbitrary or capricious standard' of the Administrative Procedure Act [("APA")] . . . to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (quoting *Kreis*, 866 F.2d at 1514).  The Secretary must "give a reason [for the promotion decision] that a court can measure, albeit with all due deference, against the 'arbitrary or capricious' standard of the APA." *Kreis*, 866 F.2d at 1514-15.[4]  Although "such a deferential standard of review" enables the court to reverse "[p]erhaps only the most egregious [promotion] decisions," the high level of deference accorded to military promotion decisions "reconcil[es] the needs of military management with Congress's mandate for judicial review." *Id.* at 1515.

_____

[4]     The APA provides that a reviewing court shall set aside an agency action that the court deems
        (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence . . . or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

        5 U.S.C. § 706.  The applicable statute in the instant case, 10 U.S.C. § 628(g), echoes the standard found in the APA.  *Homer v. Roche*, 226 F. Supp. 2d 222, 225 (D.D.C. 2002).

**B.  The Court Grants the Defendant's Motion for Summary Judgment
and Denies the Plaintiff's Cross-Motion for Summary Judgment**

The defendant argues that the court should uphold the Secretary's denial of the plaintiff's request for an SSB because the IG's investigation was thorough and complete, Def.'s Mot. at 12-13, and there was a rational connection between the facts that the Secretary identified and the choice he made, *id.* at 13.  Consequently, the defendant contends that the plaintiff has failed to create a genuine issue of material fact with respect to whether the decision not to grant her SSB request was "materially unfair."  *Id.* at 14.  Finally, the defendant asserts that the Secretary's reconsideration of the plaintiff's request on remand was consistent with the Circuit's opinion.  *Id.* at 10.

The plaintiff opposes the defendant's motion and moves for summary judgment in her favor, arguing first that it was unlawful for the promotion selection board to consider women in relation to each other rather than in relation to the applicant pool as a whole, Pl.'s Cross-Mot. at 6-9; that as a consequence, the Secretary's denial of her request for an SSB deprived her of her right to be free from unlawful discrimination, *id.* at 9; and that the promotion selection board erred by giving undue consideration to the fact that the plaintiff completed consecutive tours of duty in the same location, *id.* at 9-10.  But because the court's task is to determine whether the Secretary's decision to deny the plaintiff's request for an SSB was deficient rather than to reinvestigate her claims that she was unfairly and unlawfully denied a promotion, these arguments are misplaced and the court rejects them out of hand.  *See Kreis*, 866 F.2d at 1511.

The plaintiff next asserts that the interviews that the IG conducted were not thorough, Pl.'s Cross-Mot. at 11-12, and that the IG's decision not to conduct more in-depth interviews was

invalid, *id.* at 13-14.  The plaintiff also contends that the IG's investigation was deficient because it failed to determine whether the plaintiff or Captain McCarthy was telling the truth.  *Id.* at 12-14.  In response, the defendant points out that the court's task is to review whether the administrative record as a whole supports the Secretary's decision to deny the plaintiff's request for an SSB, not whether the IG's investigation was sufficiently thorough.  Def.'s Reply at 4-5.  The IG's report, the defendant observes, is only one component of the entire record that the court must review.  *Id.* at 5.  The defendant also disputes the plaintiff's assertion that the Secretary had a duty to resolve the factual issue of who was telling the truth.  *Id.*  Because, in the defendant's view, there is a rational connection between the facts in the record and the Secretary's decision, a determination of who was telling the truth is not necessary for the court to uphold the decision.  *Id.*  The plaintiff counters that the record lacks any other evidence from which the Secretary could rationally determine that she was not entitled to an SSB.  Pl.'s Reply at 3.  Accordingly, she maintains that the Secretary's decision was deficient.  *Id.* at 4-5.

In addition, the plaintiff presses the court to reverse the Secretary's denial of her request because, in her view, the reasons that the defendant provides for the decision lack merit.  Pl.'s Cross-Mot. at 15-16.  Specifically, the plaintiff avers that the fact that Captain McCarthy is senior to the plaintiff in rank is non-probative, the plaintiff's delay in submitting her request for an SSB is irrelevant, the IG's recommendation that the Secretary deny the plaintiff's request is not evidence and the fact that other reasons could have accounted for her being passed over for promotion is an insufficient basis on which to deny her request for an SSB.  *Id.*  The defendant responds that the mere fact that the record could lead the plaintiff to a different conclusion than

that reached by the Secretary is irrelevant, as the defendant need only articulate a rational link between the record and the decision to deny her request.  Def.'s Reply at 4.

In order to uphold the Secretary's determination, the court must identify a rational connection between the materials in the administrative record and the decision to deny the plaintiff's request for an SSB.  *Kreis*, 866 F.2d at 1514-15.  The defendant explains the basis for the Secretary's decision as follows: the Secretary first determined that in order to grant the SSB request based on the fact that the promotion selection board's decision was "contrary to law," it would need to make this determination by a preponderance of the evidence, Admin. R. at 3-4; the Secretary chose to apply a preponderance of the evidence standard of proof "[t]o be consistent with the standard of proof being applied to allegations [brought under the] 'material error[]'" provision of the regulations, *id.* at 3.

The court determines that the Secretary's analysis regarding the applicable standard of proof demonstrated a well-reasoned basis for his decision, which is all that is required of the defendant.  *See Kreis*, 866 F.2d at 1512 (noting that the court "require[s] only that the agency exercise its discretion in a reasoned manner, but defer[s] to the agency's ultimate substantive decision").  Given that the court has upheld the Secretary's application of the preponderance of the evidence standard, for the defendant to obtain summary judgment, the court must next identify a rational connection between the materials in the record and the Secretary's conclusion that the plaintiff failed to prove that it was more likely than not that the promotion selection board unlawfully discriminated against her.  *See id.* at 1514-15.  The court makes this determination handily.  The Secretary concluded that an SSB was not warranted because the IG's investigation failed to produce "specific, objective evidence supporting a substantiated

10

allegation" of unlawful discrimination.  Admin. R. at 4.  Given the "he-said, she-said" nature of the case, it was impossible to credit either the plaintiff's or Captain McCarthy's version of the facts; accordingly, the Secretary was unable to determine by a preponderance of the evidence that the plaintiff's allegations were true.  *Id.* at 2-4.  Plainly, the defendant's explanation for the Secretary's determination that the plaintiff failed to show that she was entitled to an SSB was not deficient.

Finally, the plaintiff asserts that the defendant failed to comply with the Circuit's directive on remand because the Secretary's reconsideration of her request for an SSB does not fully disclaim reliance on the tank records.  Pl.'s Cross-Mot. at 10-11.  By considering documents that referred to the tank records, the plaintiff contends, the defendant "effectively smuggled into the agency record" information that the Circuit directed the Secretary not to consider.  Pl.'s Reply at 6.  The defendant, on the other hand, points out that the tank records and references thereto were redacted from the record, and argues that the mere fact that the Secretary was aware that the IG had reviewed the tank records before remand does not invalidate his decision.  Def.'s Reply at 6-8.

The defendant was aware on remand that the Circuit had cautioned that the newly enacted § 613a might bar consideration of the tank records in the administrative record, and it chose to exclude the tank records from the administrative record in order to comply with the Circuit's directive.  *See* Admin. R. at 3.  Thus, as the CNO's recommendation makes clear, the Secretary's determination following remand was based solely on an administrative record that contained neither the tank records nor any references thereto.  *Id.*  To accuse the defendant of surreptitiously taking heed of the tank records despite its recognition that the Circuit had

admonished against such consideration would deny the defendant the "unusual" level of

deference to which it is entitled in this case.  *See Cone*, 223 F.3d at 793.  Accordingly, the court

rejects the plaintiff's argument on this point and upholds the Secretary's denial of the plaintiff's

request for an SSB.


## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment

and denies the plaintiff's cross-motion for summary judgment.  An Order consistent with this

Memorandum Opinion is separately and contemporaneously issued this 27th day of February,

2009.


                                        RICARDO M. URBINA
                                        United States District Judge